Appeal No. 20-3335. And we'll begin with counsel for Mr. Garcia. Good morning. Good morning. May it please the court, my name is Quinn Michaelis and I'm representing Ralph Garcia. This is a direct appeal after a bench trial. We raised two issues in our brief. The first issue was whether the district court erred in finding Mr. Garcia had not been trapped, that he had not been induced by the government, and that he was predisposed to the crime. But today I want to focus more so on the issue relating to Mr. Garcia's sentence, which was the second issue that we raised in our brief. To start, the court, relying on the PSR, included Mr. Garcia's aggravated battery conviction as a predicate offense in determining the offense level for his possession of a firearm under 2K2.1. But because that sentence for the aggravated battery was discharged more than 15 years before the conduct in this case, and did not accrue any criminal history points, that offense should not have been considered. I don't think the government disagrees with that, unless I misread their brief, so I don't know, it's up to you how you want to argue, but I don't know that you guys disagreed with us there. I just wanted to make sure that I was covering all my bases in case the court wanted to address whether they had discretion to remand it on that issue. But I will move on to the more important issue that we raised in our brief, which was the predicate offenses for the ACCA qualification. Mr. Garcia was sentenced as an armed career criminal based on what the PSR found were four previous convictions that the court accepted and determined were violent felonies. We do not dispute that two of Mr. Garcia's previous convictions, that conviction for attempted armed robbery and aggravated battery, which were one conviction combined, and the conviction for attempted murder were both violent felonies for purposes of the ACCA. We did take issue, however, with the manner in which the district court determined that Mr. Garcia's 1993 conviction for the aggravated battery with a firearm conviction was a violent felony, and therefore a predicate to the armed career criminal determination. Our argument rests not on whether an aggravated battery with a firearm is categorically a violent felony, which the government identified according to a specific statute is categorically a violent felony. The problem here, however, is that the PSR does not include reference to that specific statute, and nor does the certified statement of conviction that was included with the PSR. So it's our position that the district court erred in relying on the PSR's 1993 conviction for aggravated battery with a firearm was a violent felony because there wasn't a sufficient basis for making that determination. The only information contained in the certified statement of conviction was just the name of the offense. It didn't provide a citation to a statute. It simply said aggravated battery with a firearm. So we're under a plain air review, right? That's correct, yes. So is it your position that he was never convicted? No, it's our position that the certified statement of conviction does not provide enough information for the court to make the determination that that particular offense is that aggravated  But you can trace that name, can you not, for the relevant period into the criminal code? You could if you rely on other documents that were not submitted with the PSR. Just go look at the statute. You don't need other documents. That's the issue, I guess, is that because the statute isn't named in the certified conviction, we don't know specifically what the statute is. It does say an offense, but for instance, the other offense that Mr. Garcia, which had another conviction for a violent felony, according to the PSR, was just an aggravated battery. The PSR determined that was a violent felony. The court accepted that. However, looking at just the certified statement of conviction, we don't see that that's actually a violent felony. Here's where I'm disconnected. Sure. When you look at the PSR and you see that he has a conviction in 1993 for aggravated battery with a firearm, why don't you just immediately then, why can't I, if I was doing this in my chambers, why can't I just go grab the Illinois Code? I don't need a PSR. I don't need any certified. And look at what the elements, what it takes to commit that crime. And if I did that, I'd get to 12-4.2. And I would see that the statute says exactly what the description of it that's given is. Well, the description… And then you'd say categorically it's a violent felony. I mean, by its terms it is. Right. If you go to those… So where does that go wrong? I guess it goes wrong when you look at how the exact same steps in analysis failed here with respect to the aggravated battery, which was classified as a violent felony, even though when we look at the other documents that were not submitted along with the PSR, it shows that he was convicted under a statute or a part of the statute that shows that that particular conviction was not a violent felony for purposes of the ACCA. And so I guess it's a nuanced argument, right? It's not necessarily that you just assume that the name… What part of the statute are you talking about? I'm looking right at it. So I'm talking about the other conviction. Sorry, I'm switching gears a little bit. No, no, no. I'm talking about the 1993 conviction. Right. So I'm saying, for example, if you were to look at the other conviction here… Okay, let's forget the for example. In the 1993 conviction, if you go look at 12-4.2, it tells you what you have to do to violate that statute. Right. And the something that you have to do is categorically a violent felony. And I guess… I mean, that's what I'm looking for. What's the counterargument to that? The counterargument is that the information that would lead you to that statute, it's not in the certified statement of conviction. I thought the PSR said he was convicted in 1993 of aggravated battery with a firearm. That's right. But the statute itself is not there. And so that particular… and maybe I'm just quibbling over words here, but I think that it's important when you're looking at defense… I'm not sure if there are other options. However, it could be that the listing of the offense is incorrect and that it was actually something else which you would determine that he was convicted of. Well, sure, sure. But under plain error, I mean, it can't just be wild speculation. No. But I think that that's where the issue comes in, is that the documents themselves don't provide sufficient clarity to what the… they don't provide sufficient clarity to what was actually relied on here for the district court to make that determination. And I'm basing that in part on the way that the PSR also found that the aggravated battery conviction from 1991 was also claimed to be a violent felony, submitted the certified statement of conviction there, which did not cite to a specific statute. There you also have to look at other Shepard-approved documents to determine exactly what Mr. Garcia was convicted of there to determine that that aggravated battery was not actually a violent felony. And I'm sorry, Your Honor, I'll reserve the rest of my time for rebuttal. Okay, that's fine. You have a minute left for rebuttal. Thank you. Very well. Mr. Peabody, good morning. Good morning, Your Honor. Tom Peabody on behalf of the United States, and may it please the Court. Aggravated battery with the firearm is categorically on its terms. A crime of violence, and therefore the ACCA was properly applied. Just to respond to one point I believe the defendant made in reference to the fact that this Court has held that under certain circumstances, Shepard sources are appropriate in looking at aggravated battery. That's because aggravated battery, unlike aggravated battery with a firearm, is a divisible statute. So unless there are any further questions, we would ask that the Court affirm the conviction in the application of the act and remand for resentencing only with respect to the guidelines issue. Can I just ask you a factual question? I should know this, but you can confirm it. What exactly did the PSR say about the 1993 conviction? Did it label it? Because my understanding is it did. That it was an aggravated battery with a firearm. That's correct, Judge, and it also provided the government's version attached to the certified records of conviction with respect to that conviction. Those were attached to the PSR, so both, as Your Honor said, does state the specific crime, aggravated battery with a firearm, and the certified record of conviction, which is a Shepard source, was also provided. I understand the defendant's argument now to be the specific statutory code needs to be provided as well. It's not enough to say aggravated battery with a firearm, even though there's only one such law under Illinois law. You need to provide the specific statute. Of course, that's not required by the law, and it's certainly not enough to show plain error. Thank you. Okay, very well. Thank you. Ms. McAlis? Just to briefly respond with respect to your question about what the PSR actually contained, for all of the other offenses that were used for either determining the offense level here or the ACCA qualifications, there's a lot more detail with respect to what actually is provided here underlying those convictions. There's citations to records. There's descriptions of the offenses and additional information provided under the summary parts of each of those offenses. But when you look at the actual aggravated battery with a firearm offense, it just says that there were records that were requested, weren't received, and that there were other counts that were dismissed along with it. It doesn't provide the same kind of detail that the other convictions provide. Thank you. All right, very well. Okay, thanks to both parties. Appeal will be taken under advisement.